IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

NO. 4:12-CR-00102-FL-1

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| ) | |
| v. ) | |
| ) | ORDER |
| ) | |
| MEREDITH CLIFF COOK, JR., ) | |
| ) | |
| Defendant. ) | |

This court sentenced defendant November 6, 2013, upon a written plea, to an aggregate of 540 months imprisonment. It imposed a special assessment of $200.00, and a fine of $50,000.00, due immediately. On March 17, 2014, the United States Attorneys' Office for the Eastern District of North Carolina copied the court and opposing counsel, Mark Stewart, on a letter sent to Christopher Chappell, a task force agent with the Charlotte Division of the Federal Bureau of Investigation ("FBI"). The court subsequently directed the clerk to enter this letter on the docket, where it appears as entry number 44.

This letter is referenced as "Notification of Offset" directed against funds the government indicates the FBI currently holds in the amount of $23,080.00, having something (not specified) to do with this defendant. The government informs these funds are subject to offset, and that it seeks to collect the funds and apply them toward satisfaction of the fine and special assessment ordered

at sentencing to be paid.[1]  The government's announcement of its decision to exercise its right to common law offset in this correspondence is accompanied by reference to <u>United States v. Munsey Trust Co. of Wash., D.C.</u>, 332 U.S. 234 (1947).

The purpose for which the court was copied on this correspondence sounds more as a courtesy, where, ordinarily, sending a letter to a judge about case action does not raise an issue for determination by the court.  But here, the court is compelled to raise the matter up for some further scrutiny.

As noted in <u>Munsey Trust</u>, the "government has the same right [of offset] which belongs to every creditor, to apply the unappropriated moneys of his debtor, in his hands, in extinguishment of the debts due to him."  332 U.S. at 239 (internal quotation marks omitted).  No judgment enforcement action is at issue in <u>Munsey Trust</u>.  Rather, this case involved a dispute about certain debts owed and moneys held on deposit by the government, of or relating to public contracts, and whether it was proper for the government to apply retained percentages of progress payments to its outstanding indebtedness when the contractor failed to complete agreed upon work and a more costly work product later resulted.

There are statutorily prescribed procedures to enforce a judgment, including with respect to money held by another which the judgment creditor would seek to claim.  In particular, "[t]he United States may enforce a judgment imposing a fine in accordance with the practices and procedures for the enforcement of a civil judgment under Federal law or State law."  18 U.S.C. § 3613(a).  The government presumably would resort to enforcement procedures provided for in the

---

[1] On March 21, 2014, the government also filed an application for writ of garnishment (DE 43) against the $50,200.00 judgment, and Weyerhaeuser Company is listed as the garnishee.
2

Federal Debt Collection Procedure Act ("FDCPA"), 28 U.S.C. § 3001 et seq., where the FDCPA provides the "exclusive civil procedures for the United States to recover a judgment on a debt." 28 U.S.C. § 3001(a). Why codified judgment enforcement procedures are not being followed with respect to money described as being held "in the amount of $23,080.00 to the defendant," on account of the FBI, is unclear.

The government's authority to enforce a judgment through offset (or "set-off") was recognized in Meckley v. United States, No. 91-6678, 1992 WL 92706, at *1 (4th Cir. 1992) (per curiam). Although the FDCPA does not "supersede or modify the operation of the common law or statutory rights to set-off," 28 U.S.C. § 3003(c)(6), the Fourth Circuit has not addressed whether enforcement of a judgment through common law offset can be used to avoid statutorily prescribed enforcement procedures. Another circuit, reviewing an order on a motion made pursuant to Federal Rule of Criminal Procedure 41(e) regarding the propriety of the government's retention of the defendant's non-monetary personal property to offset a criminal fine, determined that

> under most circumstances, if the government wishes to retain lawfully seized items and use them to offset a criminal fine, it should establish its right to the items by obtaining a writ of execution, presumably pursuant to the procedures set forth in the [FDCPA]. However, [the defendant] has failed to demonstrate that he was prejudiced in any way by the procedure adopted by the district court in this case – he does not argue that the items at issue would be exempt from execution by the government . . . . And, significantly, [the defendant] was afforded notice and an opportunity to be heard.

David v. United States, No. 97-6068, 1998 WL 852865, at *1 (2d Cir. 1998) (unpublished table decision) (internal citations omitted).

Defendant is entitled, at the least, to notice of delinquency and notice of default. See 18 U.S.C. § 3612(d)-(e). It does not appear from the record whether the government has provided these

3

notices to defendant.

The government is requested to demonstrate its authority for collecting on the judgment through the common law right of offset in avoidance of these statutory procedures. The government's brief shall be due in twenty-one (21) days. Any response by defendant shall be due not later than twenty-one (21) days after service by the government.

SO ORDERED, this the 3rd day of April, 2014.

_____
LOUISE W. FLANAGAN
United States District Judge